UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEXTER ETIENNE-MODESTE,<br><br>                               Plaintiff,<br><br>-against-<br><br>STATE OF FLORIDA, *et al.*,<br><br>                               Defendants. | 23-CV-07383 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a citizen of New York currently residing in Florida, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. For the following reasons, the Court transfers this action to the United States District Court for the Southern District of Florida.

**DISCUSSION**

Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

The events giving rise to this complaint allegedly occurred in Miami Beach, Florida, between December 2020 and February 2023. (ECF 1 ¶ III.) Plaintiff asserts that he was falsely arrested, physically and sexually assaulted, and harassed because of his race. (*Id.*) Named as Defendants are the State of Florida, the Miami Beach Police Department ("MBPD"), two MBPD officers, the Miami-Dade Corrections and Rehabilitation Department, and a Florida state

prosecutor. (ECF 1 ¶ V.) According to the complaint, Defendants reside in or near Miami Beach. (*Id.* ¶ IV.) Because Plaintiff does not allege that all of the defendants reside in New York or that a substantial part of the events or omissions giving rise to his claim arose in this judicial district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in Miami-Dade County, Florida, which is located within the Southern District of Florida. *See* 28 U.S.C. § 89(c). Accordingly, venue lies in the Southern District of Florida, *see* § 1391(b)(2), and the Court transfers this action to the United States District Court for the Southern District of Florida, *see* 28 U.S.C. § 1406(a).[1]

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Southern District of Florida. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this Court. This order closes the action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 22, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

[1] This is the second complaint that Plaintiff has filed in this court regarding events that allegedly occurred in the Southern District of Florida. *See Etienne-Modeste v. Michael*, ECF 1:21-CV-01062, 3 (CM) (S.D.N.Y. Feb. 8, 2021) (transferring action to the United States District Court for the Southern District of Florida).