UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-23325-WILLIAMS/REID

DEXTER ETTIENNE-MODESTE,

    Plaintiff,

v.

THE STATE OF FLORIDA, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

This matter is before the Court pursuant to Plaintiff Dexter Ettienne-Modeste's Motion for Leave to Proceed *in forma pauperis*. [ECF No. 2]. For the reasons set forth below, this Court **RECOMMENDS** that Plaintiff's Motion be **DENIED,** and the complaint **DISMISSED**.

### I. Standard of Review

Pursuant to 28 U.S.C. § 1915(a)(1), the Court can authorize the commencement of a lawsuit without prepayment of the filing fee if the litigant submits an affidavit that includes a statement of all assets and attests to the inability to pay the filing fees. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (explaining that § 1915(a)(1) applies to all persons requesting leave to proceed IFP). Plaintiff has moved for leave to proceed *in forma pauperis* attesting to his inability to pay the filing fee. [ECF No. 2].

A district court may, however, deny a motion for leave to proceed *in forma pauperis* if it determines the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Indeed, "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the

complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The Supreme Court in *Neitzke v. Williams*, 490 U.S. 319, 317 (1989), explained

> Section 1915(d)[1] has a separate function, one which molds rather differently the power to dismiss which it confers. Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

If a plaintiff's claim has merit, Section 1915 of United States Code Title 28 provides that a court may authorize a person who is unable to pay court fees to commence suit if the litigant is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a)(1). Lastly, courts are more lenient when reviewing a *pro se* complaint than those filed by attorneys. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014)

## II. Discussion

Plaintiff filed an action against the State of Florida, Miami Beach Police Department, and Miami-Dade Corrections & Rehabilitation Department. [ECF No. 1 at 1]. However, it is impossible to understand what he alleges occurred and who exactly he claims is responsible for the offending conduct. As best as can be understood, he alleges that on "April of 2023[,] [he] was harassed randomly by Officer Sosa with no probable cause" while staying at the Addison Hotel. *Id.* at 7. Plaintiff alleges that during that altercation, he was "sexually harassed being [s]earched [a]ggressively" and subsequently arrested. *Id.* Plaintiff spent twenty-two days in the Miami-Dade

---

[1] 28 U.S.C. § 1915(d) has since been replaced by 28 U.S.C. § 1915(e)(2)(B). *See* Pub.L. No. 104–134, § 804(a)(5), 110 Stat. 1321, 1321–74 (1996); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Corrections & Rehabilitation Department before a state court judge dismissed his charges. *Id.* Following his release, police officers continued to threaten, harass, and sexually assault him. *Id.*

It is unclear on what specific grounds Plaintiff is suing the Defendants. Plaintiff is a New York resident and originally filed this claim in the United States District Court for the Southern District of New York under federal question and diversity of citizenship. *Id.* at 1–2. When completing the portion of the Complaint that requires him to list which federal constitutional or federal statutory rights Defendants violated, Plaintiff wrote "[a]ll of them, every amendment, discrimination, medical negligence, freedom of religion, sexual abuse." *Id.* at 2. His injuries include post-traumatic stress disorder, depression, chronic pain, and pain and suffering, though none mention a specific state or federal statute. *Id.* at 8. Plaintiff requests $2.5 million in compensatory and punitive damages. *Id.*

After the matter was transferred to the Southern District of Florida, Judge Williams required Plaintiff to "effect service of process and file proof of service of the Complaint on all Defendants no later than November 16, 2023." [ECF No. 3, 8]. Plaintiff has failed to do so.

Based on Plaintiff's inability to point to specific laws or rights violated, failure to comply with Judge Williams's order, and the Complaint's failure to clearly state a cause of action, the Court is forced to find this suit frivolous and should be dismissed. Even with the Court providing a more forgiving standard to *pro se* complaints, *Campbell*, 760 F.3d at 1168, this action "has little or no chance of success as the barebone detail in the complaint are 'clearly baseless' and legal theories 'indisputably meritless.'" *Carroll*, 984 F.2d at 393.

### III. Recommendation

For these reasons, this Court **RECOMMENDS** that Plaintiff's Motion for Leave to Proceed *in forma pauperis*, [ECF No. 2], be **DENIED** and the complaint **DISMISSED** as frivolous.

Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F. 3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 26th day of February 2024.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **All Counsel of Record**